UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAMONT SHEPARD,
Plaintiff,
v.
I. PEREZ, et al.,
Defendants.

Case No. 25-cv-09484-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. No. 18

**INTRODUCTION**

Plaintiff Lamont Shepard alleges that his sleep was interrupted six times over a period of fifty days by prison guards, which he contends violated his Eighth Amendment rights. I GRANT defendants' motion to dismiss under Rule 12(b)(6). Shepard's allegations, taken as true, do not state an Eighth Amendment violation. Having one's sleep interrupted six times over a fifty-night period by prison guards conducting a wellness check does not constitute the chronic, long-term deprivation required to show an Eighth Amendment violation. And because such facts do not constitute the required deprivation, defendants are entitled to qualified immunity.

Allowing Shepard to amend the complaint would be futile. His complaint describes the exact number of times he was woken up, how he was woken up, and which defendant committed the acts. These facts are insufficient to state an Eighth Amendment claim and cannot be remedied by amendment.

**BACKGROUND**

Shepard, a state prisoner housed at Salinas Valley State Prison during the events at issue here, alleges claims against Salinas Valley Correctional Officers Alvarez-De la Cruz,

J. Huerta, Santana-Zambrano, G. Espinoza, and I. Perez. He asserts that he was woken up by defendants banging on his door on six occasions: January 27, 2024, February 19, 2024, February 24, 2024, March 7, 2024, March 13, 2024, and March 16, 2024. (Compl., Dkt. No. 1 at 2-3.) (Shepard alleges that Espinoza woke him up by opening and closing the cell door "numerous times," rather than by banging on the door. *Id.* at 3.) According to Shepard, each defendant did this just once, with the exception of Santana-Zombrano, who did it twice, on February 24, 2024 and March 16, 2024. (*Id.* at 3.) He states that he was woken up as part of a wellness check, but he asserts that banging on his door to check his wellness was unnecessary because he could be seen breathing underneath his blanket as he slept. (*Id.* at 2-3.) The Hon. Virginia DeMarchi screened his complaint and found that his allegations could state an Eighth Amendment claim. (Order of Service, Dkt. No. 9 at 2.)

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994). Rule 12(b)(6) should be read in conjunction with Rule 8(a), which requires not only "fair notice of the nature of the claim, but also grounds on which the claim rests." Twombly, 550 U.S. at 556 n.3.

In ruling on a Rule 12(b)(6) motion, a court is limited to the contents of the complaint. "The focus of any Rule 12(b)(6) dismissal—both in the trial court and on appeal—is the complaint." *Schneider v. CDCR*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (noting that "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.")

United States District Court
Northern District of California

**DISCUSSION**

"Existing precedent" recognizes that the Eighth Amendment affords "general rights against excess noise and prison conditions that deprive inmates of identifiable human need[s], such as sleep." *Rico v. Ducart*, 982 F.3d 1292, 1298 (9th Cir. 2020) (internal quotations omitted) (listing and reviewing cases). As with all Eighth Amendment conditions of confinement claims, however, a plaintiff must show an "extreme deprivation," *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992), which for a sleep-disruption claim must "chronic" and "long-term," *Goolsby v. County of San Diego*, No. 17-cv-564-WQH-NLS, 2019 WL 140792, at *2 (S.D. Cal. Jan. 9, 2019).

Under general Eighth Amendment law, a prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (equating the standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and resulting harm. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)). The Supreme Court has further clarified this standard by holding that "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A mere accident or evaluative mistake is not to be characterized as wanton. *Estelle*, 429 U.S. at 105.

Shepard's allegations fail to show an extreme, chronic, and long-term deprivation sufficient to state a claim under the Eighth Amendment. Shepard was woken up on six nights over a period of fifty nights. With the exception of the March 13th and 16th incidents, each incident was separated by roughly a week. Taken as a whole, the incidents do not constitute the "obduracy and wantonness" or chronic and long-term conditions

necessary to meet the Eighth Amendment standard. Furthermore, each defendant, with the exception of Santana-Zombrano, woke Shepard just once, and that was done pursuant to a wellness check each officer was under orders to perform. Also, Santana-Zombrano's incidents occurred several weeks apart (on February 24, 2024 and March 16, 2024), which does not indicate the "obduracy and wantonness" required under the standard. Under such circumstances, no Eighth Amendment claim lies. *See Martinez v. Diaz*, No. 5:20-cv-02027-MCS (SHK), 2021 WL 6618763, at *8 (C.D. Cal. Nov. 29, 2021) ("though a pattern of depriving sleep may form the basis for an Eighth Amendment claim, this Court cannot conclude that not being able to sleep for a single night when the Search was conducted is "objectively, sufficiently serious."); *Lowther v. Harrington*, No. 20-00343 JAO-KJM, 2020 WL 7502448 (repeatedly being woken up for standing headcounts at 9:30 p.m. and 4:00 a.m. fail to show a sufficiently serious deprivation); *Goolsby*, 2019 WL 140792, at *2 (allegation that deputies distributed razors "in any unnecessarily loud manner" at 12 A.M. thereby waking plaintiff up found insufficient because "the procedures alleged in the complaint are incidental to incarceration, reasonably justified, and do not pose a substantial risk to an inmate's safety."). *Cf. See Garrett v. Thaler*, 560 F. App'x 375, 378-79 (5th Cir. 2014) (concluding that prisoner stated an Eighth Amendment claim where, during four hours of scheduled sleep, prison officials awoke prisoner each hour to conduct a headcount); *Matthews v. Holland*, No. 1:14-cv-01959-SKO (PC), 2017 WL 1093847, at *3 (E.D. Cal. Mar. 23, 2017) (concluding that loud beeps in 5-, 10-, 15-, and 20-minute intervals, 24 hours a day, every day, for more than a year were sufficiently extreme to meet the objective element of an Eighth Amendment claim).

Defendants contend that they are entitled to qualified immunity. (MTD, Dkt. No. 18 at 8-9.) Qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Under *Saucier v. Katz*, 533 U.S. 194, 194 (2001), the Court must undertake a two-step analysis to determine whether a defendant is entitled

to qualified immunity in a motion for summary judgment. First, the Court must answer the threshold question of whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show [that] the officer's conduct violated a constitutional right?" *Id.* at 201. If the Court determines that the conduct did not violate a constitutional right, the inquiry is over and the officer is entitled to qualified immunity. *Id.* If, however, the Court determines that the conduct violated a constitutional right, it must undertake the second step of the analysis and determine "whether the right was clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201-02. Although the *Saucier* sequence is often appropriate and beneficial, it is not mandatory. A court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *See Pearson v. Callahan*, 555 U.S. 223, 235-36 (2009).

"In the context of qualified immunity, courts have stated that in the Ninth Circuit it is clearly established that conditions of confinement resulting in chronic, long term sleep deprivation violate the Eighth Amendment." *Goolsby*, 2019 WL 140792, at * 2. *See Rico v. Beard*, No. 217-CV-1402-KJM-DB-P, 2018 WL 3702310, at *1, 11 (E.D. Cal. Aug. 2, 2018) (denying qualified immunity to officers alleged to have haphazardly opening and closing metal doors, "mak[ing] a loud noise," "strik[ing] a metal button on each cell in the SHU with a metal rod," "at night . . . once an hour," and "every half hour during the day"); *Matthews v. Holland*, No. 114-CV-01959-SKO-PC, 2017 WL 1093847, at *8 (E.D. Cal. Mar. 23, 2017) (denying qualified immunity for correctional officers who "used a metal bar to loudly bang and hit another metal object on inmates' cell doors which let out a loud beep or whistle," occurring "every 5, 10, 15, 20 minutes — 24-hours a day," "for over a year").

Here, defendants are entitled to qualified immunity. Taken in the light most favorable to Shepard, the facts alleged do not show that defendants' conduct violated a constitutional right. Being woken up six times over fifty nights is not the "chronic, long term sleep deprivation" that constitutes an Eighth Amendment violation. *Goolsby*, 2019

WL 140792, at * 2; *Saucier*, 533 U.S. at 201. Even if it were, it would not be clear to a reasonable officer that waking a prisoner once (in Santana-Zombrano's case, twice, though weeks apart) pursuant to a wellness check would be unlawful. *Saucier*, 533 U.S. at 201-02.

**CONCLUSION**

Defendants' motion to dismiss under Rule 12(b)(6) is GRANTED and the action is DISMISSED. (Dkt. No. 18.) Leave to amend is not granted; it would be futile in light of the facts alleged in the complaint. The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** November 17, 2026

WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California